1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

BANK OF NEW YORK MELLON,

Case No. 17-cv-02062-KAW

8

Plaintiff,

9

v.

**REPORT AND RECOMMENDATION TO REMAND; ORDER REASSIGNING CASE**

10

HOLLI N. HARRELL,

Re: Dkt. No. 2

11

Defendant.

12

13          On April 12, 2017, Defendant Holli N. Harrell, acting pro se, removed this unlawful

14    detainer action from Alameda County Superior Court.

15          As removal is obviously improper, and the parties have not consented to the undersigned,

16    for the reasons set forth below, the Court reassigns this case to a district judge and recommends

17    that the case be remanded to state court.[1]

18                                    **I.          BACKGROUND**

19          Plaintiff The Bank of New York Mellon commenced this unlawful detainer action against

20    Defendant Holli N. Harrell in Alameda County Superior Court on or around January 9, 2017.

21    (Compl., Dkt. No. 1 at 7-8.)  The complaint contains a single cause of action for unlawful detainer.

22    *Id.*  The case is a "limited civil case," as the amount demanded is less than $10,000.  (*Id.*)  Plaintiff

23    seeks possession of certain property located in Oakland, California, which Defendant occupies.

24    (Compl. ¶¶ 2, 3.)

25          On or around November 29, 2016, Plaintiff acquired the property following a trustee's sale

26    pursuant to a foreclosure upon a deed of trust.  (Compl. ¶ 3.)  Defendant was the prior owner and

27    _____

28    [1] On April 12, 2017, Defendant filed a motion for leave to proceed in forma pauperis.  (Dkt. No. 2.)  The Court granted that motion by separate order.  (Dkt. No. 5.)

1    remained in possession of the premises following the sale. (Compl. ¶ 5.) On December 20, 2016,

2    Plaintiff served a written notice on Defendant to quit and deliver possession of the premises within

3    three days. (Compl. ¶ 6.) Defendant remained in possession of the premises after three days had

4    elapsed. (Compl. ¶ 7.)

5          On February 27, 2017, Defendant filed an answer to the unlawful detainer suit. (Dkt. No.

6    1 at 10-11.) On April 12, 2017, Defendant removed the action to federal court on the grounds that

7    it presents a federal question. (Dkt. No. 1 at 1-2.)

8                  **II.**       **LEGAL STANDARD**

9          "Except as otherwise expressly provided by Act of Congress, any civil action brought in a

10   State court of which the district courts of the United States have original jurisdiction, may be

11   removed by the defendant . . . to the district court . . . for the district and division embracing the

12   place where such action is pending." 28 U.S.C. § 1441(a). A party seeking to remove an action to

13   federal court bears the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d

14   564, 566 (9th Cir. 1992) (per curiam). "Federal jurisdiction must be rejected if there is any doubt

15   as to the right of removal in the first instance." *Id.* (citation omitted).

16         Federal district courts have original jurisdiction over actions that present a federal question

17   or those based on diversity jurisdiction. *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179,

18   1183 & n.2 (9th Cir. 2002). Federal district courts have federal question jurisdiction over "all civil

19   actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

20   Federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that

21   the basis for federal jurisdiction must appear on the face of the properly pleaded complaint, either

22   because the complaint directly raises an issue of federal law or because the plaintiff's "right to

23   relief under state law requires resolution of a substantial question of federal law in dispute

24   between the parties." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*,

25   463 U.S. 1, 13 (1983). "[A] case may not be removed to federal court on the basis of a federal

26   defense . . . , even if the defense is anticipated in the plaintiff's complaint . . . ." *Caterpillar Inc. v.*

27   *Williams*, 482 U.S. 386, 393 (1987) (citation omitted).

28

### III. DISCUSSION

As an initial matter, the Court finds that removal was not timely. Defendant was in receipt of the complaint as of February 27, 2017 at the latest, as Defendant filed an answer to the complaint on that day. (Dkt. No. 1 at 10-11.) "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446. Therefore, Defendant was required to remove the case within thirty days of receipt of the complaint; the latest Defendant could have properly removed was March 29, 2017. Defendant did not, however, file the notice of removal until April 12, 2017. Thus, Defendant's removal was untimely, requiring remand of the case to state court.

Even if removal was timely, Defendant has failed to establish that federal question jurisdiction exists over this action. The state court action is an unlawful detainer case. (*See* Dkt. No. 1.) This does not present a federal question. *See Litton Loan Servicing, L.P. v. Villegas*, No. 10-5478 (PJH), 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011).

Moreover, the well-pleaded complaint rule prevents the Court from considering any additional claims, such that a defendant cannot create federal question jurisdiction by adding claims or defenses to a notice of removal. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009); *see also McAtee v. Capital One, F.S.B.*, 479 F.3d 1143, 1145 (9th Cir. 2007) (even previously asserted counterclaims raising federal issue will not permit removal). Here, Defendant's claim that there were violations of the Real Estate Settlement Procedures Act ("RESPA") does not establish federal question jurisdiction in this matter. Thus, Defendant's contention that there are federal questions at issue in this litigation is misplaced.

Lastly, the limited scope of unlawful detainer proceedings precludes cross-complaints or counterclaims. *See Knowles v. Robinson*, 60 Cal. 2d 620, 626-27 (1963). Thus, to the extent that Defendants' assertions could be contained in any such filing, they would, nonetheless, fail to introduce a basis for federal question jurisdiction.

### IV. CONCLUSION

For the reasons set forth above, the Court REASSIGNS this action to a district judge with

the recommendation that the action be REMANDED to state court for further proceedings.

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-2. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568 EDL, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO RECOMMENDED.

Dated: April 20, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge